**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| LOUIS ANTHONY MAYE,<br><br>                    Plaintiff,<br><br>      v.<br><br>STEPHEN L. PETRILLO, GRACE<br>SPENCER, LISA M. AUDUBATO,<br><br>                    Defendants. | Civil Action No. 25-14954 (JXN)(JBC)<br><br><br>**MEMORANDUM OPINION**<br>**AND ORDER** |

**NEALS**, District Judge

Before the Court is *pro se* Plaintiff Louis Anthony Maye El's ("Plaintiff") Complaint (ECF No. 1) and an application to proceed *in forma pauperis* ("IFP") (ECF No. 1-2). Plaintiff's IFP application establishes Plaintiff's financial eligibility to proceed without prepayment of the filing fee and is **GRANTED**. As Plaintiff has been granted IFP status, Plaintiff's Complaint is subject to the Court's *sua sponte* screening. 28 U.S.C. § 1915(e)(2). For the reasons set forth below, Plaintiff's Complaint is **DISMISSED** *with prejudice*.

I.    **BACKGROUND**[1]

Plaintiff filed his Complaint on August 26, 2025, naming three judges from the Superior Court of New Jersey, Essex County: Stephen Petrillo, J.S.C. ("Judge Petrillo"), L. Grace Spencer, J.S.C. ("Judge Spencer"), and Lisa M. Audubato, J.S.C. ("Judge Audubato") (collectively "Defendants"). (*See generally* Compl., ECF No. 1.) In the "Affidavit of Truth in Facts" attached

---

[1]  The Court will accept as true the factual allegations in the Complaint for the purposes of this screening only. The Court has made no findings as to the veracity of Plaintiff's allegations. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) ("[T]he § 1915(d) frivolousness determination . . . cannot serve as a factfinding process for the resolution of disputed facts.")

to the Complaint, Plaintiff cites several federal and Georgia state statutes in support of his claims, but the Complaint's allegations are sparse and difficult to follow. (*See id. and* Aff. at \*2, ECF No. 1-1.) Nonetheless, it appears that Defendants presided over state-court cases in which Plaintiff was the defendant between August 2023 and September 2024. (Compl. \*4.) Plaintiff's allegations seem to rest on the belief that Defendants were biased or prejudiced against him during those proceedings. (*Id.* at \*3, 9.) Plaintiff's claims are directed at several final determinations made by Defendants against him in those state-court cases. (*Id.* at \*6.)

## II.   LEGAL STANDARD

When a plaintiff files a complaint and is granted IFP status, 28 U.S.C. § 1915(e)(2)(B) requires courts to review the complaint and dismiss claims that are: (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief. Courts, however, must liberally construe pleadings that are filed *pro se*. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The legal standard for dismissing a complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), is the same as that for dismissal under Federal Rule of Civil Procedure 12(b)(6). *See Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Twombly*, 550 U.S. at 556.

2

## III.   DISCUSSION

### A.  Judicial Immunity

"It is a well-settled principle of law that judges are generally 'immune from a suit for money damages.'" *Figueroa v. Blackburn*, 208 F.3d 435, 440 (3d Cir. 2000) (quoting *Mireles v. Waco*, 502 U.S. 9, 11 (1991)). "A judge will not be deprived of immunity because the action [they] took was in error, was done maliciously, or was in excess of [their] authority." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). *See also Gallas v. Supreme Court of Pa.*, 211 F.3d 760, 769 (3d Cir. 2000) ("[I]mmunity will not be lost merely because the judge's action is 'unfair' or controversial."). As judges of the Superior Court of New Jersey, Defendants "[are] absolutely immune from liability for [their] judicial acts even if [their] exercise of authority is flawed by the commission of grave procedural errors." *Id*. at 359.

"[Judicial] immunity is overcome in only two sets of circumstances." *Mireles*, 502 U.S. at 11. "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity." *Id*. In determining whether an act qualifies as a "judicial act," courts look to "the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in [their] judicial capacity." *Stump*, 435 U.S. at 362. "Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 12. Here, Plaintiff's claims against Defendants are barred under the doctrine of judicial immunity because (i) the alleged harms appear to stem from Defendants' actions in their judicial capacity, and (ii) Plaintiff does not allege that Defendants acted in "complete absence of all jurisdiction." *Figueroa*, 208 F.3d at 440. Accordingly, Plaintiff's claims against Defendants are barred *in toto* on the basis of judicial immunity.

## IV.    CONCLUSION

For the foregoing reasons,

**IT IS** on this 25th day of June 2026,

**ORDERED** that Plaintiff's IFP application (ECF No. 1-1) is **GRANTED**, it is further

**ORDERED** that the Complaint (ECF No. 1) is **DISMISSED** *with prejudice*; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Memorandum Opinion and Order upon Plaintiff by regular U.S. mail and shall **CLOSE** the file.

**JULIEN XAVIER NEALS**
**United States District Judge**

4